COMINSKY v. COLEMAN et al.

(Supreme Court, Appellate Term. February 5, 1909.)

1. BILLS AND NOTES (§ 351*)—TRANSFER AFTER MATURITY—RIGHTS OF INDORSEE.

An indorsee of a note after maturity acquired only such rights against the makers as his indorser had.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 878; Dec. Dig. § 351.*]

2. BILLS AND NOTES (§ 317*)—TRANSFER AFTER MATURITY—RIGHTS OF INDORSEE.

An assignment of a note by the payee after its maturity and dishonor gives the transferee no rights superior to the payee's.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 317.*]

3. BILLS AND NOTES (§ 49*)—ACCOMMODATION NOTES—MAKER'S LIABILITY.

The payees of a note made for their accommodation had no rights against the makers.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 66; Dec. Dig. § 49.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Charles Cominsky against Nathan Coleman and another. From a judgment for defendants, plaintiff appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Jule L. Janover, for appellant.
Mark H. Ellison, for respondents.

GIEGERICH, J.  The plaintiff sues as holder of a promissory note made by the defendants to the order of Selikowitz Bros., and indorsed by them and by one Thomas McClelland, and delivered by the latter to the plaintiff for value.  The defense was that the note was made for the accommodation of Selikowitz Bros., and with the agreement between them and the defendants and the said McClelland that the defendants were not to be liable for its payment, and that the plaintiff took the note after its maturity.

It is undisputed that the plaintiff did not become the owner and holder of the note until after its maturity.  He therefore acquired only such rights against the defendants as McClelland had, and no more.  Consequently the only question is what the latter's connection with the transaction was, and whether he had any right to enforce the note against the makers.  The defendants proved that the note was made for the accommodation of Selikowitz Bros. and that it was indorsed by McClelland for the accommodation of the payees; such indorsement being made before the indorsement of the payees and before the note was deposited in the bank to take up a similar note of an earlier date.  The note bore the further indorsement of M. Selikowitz in blank, and was then indorsed "Pay to the order of any bank, banker or trust company" by the Hudson Trust Company, and at maturity it was protested on behalf of the Lincoln Trust Company.

From the indorsements it does not appear that McClelland had title to the note at the time of its maturity, and, as already shown, he did not have title to it at the time of his indorsement.  It does not appear in the case when or in what manner he acquired title, except from the testimony of one of the defendants that Selikowitz assigned all his property to McClelland.  From the indorsements on the note it would appear, and there is no testimony to the contrary, that this assignment occurred after the maturity and dishonor of the note.  If so, McClelland acquired no rights superior to those of Selikowitz Bros., who had none against the defendants, the makers of the note for their accommodation.

The judgment should therefore be affirmed, with costs.  All concur.